## In re EMMA PIERCE.

### Habeas Corpus    Gen. Sts. ch. 94, §§ 10, 33.

The relator was prosecuted on complaint and warrant before the city court of Burling-
ton, under § 10, ch. 94, Gen. Sts., for being found intoxicated; and was tried, convicted,
sentenced to pay a fine and costs, and appealed. It appeared on trial, and was found
by the court, that she was arrested on said complaint and warrant in such a state of
intoxication as to disturb and break the public peace. The court thereupon inquired
of her (but it did not appear whether under oath or not) if she had drank intoxicating
liquor, and of whom she procured the liquor upon which she became intoxicated; and
she refused to answer, because she would thereby criminate herself. Whereupon she
was committed to jail, until she should answer, or be otherwise discharged. *Held,* that
her imprisonment was illegal ; and she was released on *habeas corpus.*

The proceeding provided for by said § 10, has no relation to the proceeding provided for
by § 33 of said chapter, which provides for the arrest of persons found intoxicated, by
certain officers therein named, without warrant.

HABEAS CORPUS.   The petition alleged that the relator was ar-
raigned before the city court of the city of Burlington, on the 6th
of January, 1874, on the complaint of a grand juror, charged
with the crime of being found intoxicated ; that she was put
to plead and pleaded not guilty, whereupon a trial was had,
and she was adjudged guilty, and sentenced to pay a fine of
five dollars, and costs of prosecution, from which judgment
she appealed to the then next term of Chittenden county court,
and that said appeal was still pending; that the relator was then
put under oath, and inquired of by said city court, and by the grand
juror who signed said complaint, whether she had drank intoxi-
cating liquor, and of whom she procured the liquor upon which
she became intoxicated, which inquiries the relator refused to an-
swer, claiming that she could not answer the same, without crimi-
nating, or giving evidence tending to criminate, herself, and tend-
ing to prove the crime wherewith she was charged in said com-
plaint, whereupon said court did order and direct that the relator
be committed to the common jail in said county, till she should
answer said inquiries, or be otherwise discharged according to
law, and that thereupon a mittimus was issued by said court,
by virtue of which the relator was arrested and committed to said

jail, and was still confined therein by Luman H. Drew, the keeper thereof, and sheriff of said county, who claimed the right so to detain her by virtue of said mittimus.

Said mittimus recited that,

" Whereas, Emma Pierce  *  *  *  *  was brought before the city court of the city of Burlington, for the crime of being found intoxicated, on the complaint of H. S. Peck, grand juror within and for the city of Burlington, and it appearing in evidence that the said Emma Pierce was arrested by L. C. Bliss while in such a state of intoxication as to disturb and break the public peace, and after hearing on the case, and being determined by the court that the said Emma Pierce was found intoxicated as alleged in the complaint, and sentenced to pay a fine to the State Treasurer, of five dollars and costs, and an appeal in due form having been taken, the said Emma Pierce was examined for intoxication, and inquired of as to where she procured her liquor ; and the said Emma Pierce refused to answer the questions in that respect, or to disclose where she procured her liquor ; therefore," &c.

The officer's return on the warrant attached to said complaint, showed that the officer arrested the relator by virtue of said warrant. Said Drew's return to the writ of *habeas corpus*, showed that he detained the relator by virtue of said mittimus.

*E. F. Brownell* and *R. H. Start*, for the relator.

*W. L. Burnap*, state's attorney, for the state.

The opinion of the court was delivered by

Barrett, J. It is well understood, as matter of *theoretic* learning at least, that the summary arrest and imprisonment of a person, in order to be *lawful*, must proceed according to the provisions of the law in that behalf. This case is chiefly interesting, not for the grave constitutional questions that have been raised and argued in it, but for the many respects in which such provisions of the law have not been regarded. It is our main purpose to point out some of them, to the end that more carefulness may be secured in this class of proceedings.

The prosecution of the relator was commenced under § 10, ch. 94, Gen. Sts., and was prosecuted to conviction and appeal. That

has no relation to the proceeding provided in § 33, of ch. 94. The prosecution under § 10 may be at any time within thirty days after the act of intoxication, and must be by complaint and warrant, the same as for the unlawful sale of liquor. Under § 33, the person can be arrested only when in the state of intoxication, such as is disturbing the public peace, &c. The arrest is to be summary, without complaint or warrant, and looking solely to the keeping of the drunken person till so sober as to be able to disclose where and of whom he got the liquor producing the drunkenness ; and all this to the further intent, not of the prosecution of the arrested party for drunkenness under § 10, but of the prosecution of the party offending by having furnished the liquor contrary to law. When thus become sober, the arrested party *on oath* before some justice, is to " disclose the place where, and the person of whom," &c. ; " and on his neglect or refusal *so to disclose*, he may, by such justice, be committed," &c. This constitutes the whole proceeding, both in purpose and act, as to the arrested party, under § 33.

Now it will be seen by examining the *mittimus* named in the sheriff's return on the writ of *habeas corpus*, that the arrest was not for being " found in such a state of intoxication as to disturb," &c. ; nor made *when* in such a state ; but simply for having some time previously been intoxicated so as to be subject to fine under § 10, and to enforce the penalty. It will further be seen that on the trial of that prosecution, the evidence showed that the relator was arrested on the complaint and warrant while in fact she was in such a state of intoxication as to disturb, &c. But this was not the ground on which Bliss, as policeman, arrested her, as he might have done without complaint and warrant, under § 33. He arrested her by virtue of the complaint and warrant under § 10. The fact of being intoxicated *when arrested*, was no part of the ground of prosecution under § 10. That fact is of force only under § 33, as giving to some of the officers named the authority, and making it the duty, to arrest when in such a state of intoxication. It is a fact cognized and regarded by such officer upon his own observation; and not to be proved on a trial by the evi-

In re Emma Pierce.

dence of witnesses. Such officer is his own and sole witness of the fact that gives him authority to arrest.

By looking into § 33, it is seen that the opinion of the officer making the arrest provided for in that section, is to determine when the person detained by him shall be capable of testifying properly in a court of justice, and then such officer is to bring him before some justice, &c. Now it will be noticed that such officer does not appear by the return to have done any of the things incumbent on him to do under § 33. Moreover, it does not appear that, even in the opinion of the court who assumed to supplement the case before him under the 10th section, by a case under the 33d section, the relator had become " capable of testifying properly in a court of justice "—for the record does not show that she was put to answer " on oath," when she " was examined for intoxication." It is plain that in order to justify the committing to jail for refusal or neglect to disclose, it should appear that the party was put upon oath, and that the refusal or neglect was, to disclose such things as the statute requires to be disclosed. The statute says nothing about examining *for intoxication*, either on oath or without oath ; nor does it authorize the committing to jail of a person for refusing " to answer the question in that respect."

This is sufficient by way of showing fatal defects in the proceedings, as the result of which the relator was committed to jail. It may be thought useful to compare all the recitals of the *mittimus* with the provisions of said § 33, in the light of the suggestions above made, and the particulars specified.

No lawful warrant being shown for the imprisonment of the relator, it is adjudged and ordered that she be discharged from said imprisonment.

NOTE. In view of the *clerical* error in the statute of 1872, p. 62, designed to prevent testimony given by a witness in certain prosecutions from being used against such witness in a prosecution against himself, we think it not best to discuss or intimate views upon any of the questions argued before us in that behalf. J. B.