## J. P. CAIN v. L. VALIQUETTE.

*Liquor Law. Fines, one-quarter of belongs to grand juror,*
*not to policeman making arrest.*

1. When a policeman arrests an intoxicated person without warrant under the liquor law, R. L., s. 3814, and summons a town grand juror to attend to the disclosure of such intoxicated person, and the grand juror does appear and prosecutes as required by section 3816, the grand juror, and not the policeman, is entitled to one-fourth of the fine allowed by section 3855.
2. R. L., ss. 3814, 3816, 3855, liquor law.

ASSUMPSIT. Plea, the general issue. Trial by court, September Term, 1883, VEAZEY, J., presiding. Judgment for plaintiff. The defendant was a justice of the peace in Rutland. It appeared that several offenders were tried and fined by him under the liquor law; that the plaintiff, as town grand juror, and the policeman making the arrests, each claimed the quarter of the fines allowed by section 3855, R. L. The exceptions stated:

" Previous to making such claim it had been an invariable practice in Rutland to pay the quarter of the fines in such cases to the police officers, and no one else had ever claimed it, or made any question about it; and the defendant thought they were entitled to it, and as these officers claimed it, he decided to pay it, to them upon their giving him a bond of indemnity, which he demanded before paying them the money.

＊　　＊　　＊　　＊

There was no trial of the question as to whether the plaintiff or the police officer was entitled to the quarter of the fine in either of these cases other than as therein stated, and no process before the magistrate upon which to base a trial, other than the complaint and warrant against the liquor dealer, and those proceedings were ended and the cases reported to the county clerk long before any question arose or was decided as to which of

Cain *v.* Valiquett.e

these parties was entitled to the quarter. Each party made his claim to the defendant before the money was paid by the defendant, and he finally paid it as above stated; but the plaintiff never consented to it, or supposed the defendant paid it as a matter of judicial decision; but after he found it was paid to the police officers and had been refused to himself, he brought this suit to recover it of the defendant."

*P. R. Kendall* and *Redington & Butler*, for the plaintiff.

*Joel C. Baker* and *C. L. Howe*, for the defendant.

The opinion of the court was delivered by

POWERS, J.   The question presented is, whether a moiety of fines collected in proceedings under sections 3814, 3815 and 3816, Revised Laws, belongs to the plaintiff as town grand juror and prosecuting officer in such proceedings, or to the policemen making the arrests therein and claiming to be complainants.

The sections named cover what are commonly known as " the disclosure proceedings " under the liquor law.   They provide in substance that certain officers shall, without warrant, arrest persons found in such a state of intoxication as to disturb the public or domestic peace—keep them until capable of testifying in court, and then bring them before a justice of the peace, for the purpose of making disclosure of the place where and the person of whom the liquor producing such intoxication was obtained.

The person so found intoxicated is compellable, under the penalty of commitment to jail, to make under oath the disclosure aforesaid, and the justice upon such disclosure is directed, forthwith, to issue his warrant for the arrest of the person who supplied such liquor, if he adjudges that an offense against the liquor law was thereby committed.

The sections also direct the arresting officer to notify the city, or state's attorney, or town grand juror, of the arrest, and of the taking of such disclosure, which official so notified is directed to attend, and " prosecute said cause in the same manner as if he had been complainant in the same."

Sec. 3817 reads: " In such prosecution upon disclosure, if the person convicted has been once or more times convicted of a similar offense, the justice, on production of the records of former convictions, shall sentence such offender as for a second or third conviction, as the case may be, without other pleadings."

It will be noticed that in these sections no formal complaint, charging an offense under the liquor law, is required. The intoxicated person is arrested without warrant, *if found in such a state of intoxication as to disturb the public or domestic peace.* But he is not prosecuted in these proceedings; he is used merely as a witness, under oath, to charge some unknown offender, who sold or furnished him with the liquor which produced his intoxication. If such offender sold or furnished such liquor without authority of law, he is arrested upon the justice's warrant, without any formal complaint in the usual form. The sworn disclosure of the intoxicated person is the basis of the warrant issued by the justice.

On the trial of such offender, the inquiry is limited to the single offense of selling or furnishing the particular liquor producing the particular state of intoxication in which the disclosing witness was found when arrested. Evidence of other sales, on other occasions, or to other persons, is not pertinent to the inquiry, and not admissible.

These sections prescribed no penalty to be imposed upon the offender supplying the liquor, but leave it to be determined by the character of the offense established on the trial. In the case at bar the fines were imposed for illegal sales. Sec. 3802 is the section that affixes penalties for illegal sales; and the convictions in this case were for offenses against that section, and the fines collected were measured by that section.

The only difference between proceedings under s. 3802 and disclosure proceedings, under the sections above named, is that under s. 3802 formal written complaints are required, and the inquiry is open to all sales to all persons, capable of proof, while in the latter case no complaint is required; and the inquiry is limited to the single sale to the disclosing witness. In both cases, however, the offense is within, and the conviction under s. 3802.

Sec. 3855, of the same chapter, provides that one-fourth of the fines mentioned in sections 3791, 3799, 3802, 3809, 3812, 3830, 3851 and 3852, shall go to the complainant, *when complaint is made,* otherwise, *to the prosecuting* officer.

As already seen, the fines in the case in hand were imposed under s. 3802, one of the sections included in the foregoing list, and thus a moiety is payable to somebody.

It has already been seen that in disclosure proceedings no *complaint* is made, as is required in prosecutions under all the enumerated sections in said s. 3855. Indeed, disclosure proceedings seem to be an exception. In the sections enumerated in s. 3855, covering proceedings against the county commissioner for bribery, obtaining liquor by false pretences, illegal sales, sales of impure liquor, intoxication, bringing into the State liquor for illegal sale, neglect of official duty under the law by certain officials, and illegal settlement of prosecutions by the state's attorney, formal proceedings by way of complaint, information or indictment, are necessary ; and hence there may be a " complainant " within the meaning of s. 3855, providing that the moiety " shall go to the complainant when complaint is made."

But in disclosure proceedings as no complaint is made there can be no person answering the definition of a complainant. In such cases then, in the language of s. 3855, the moiety shall go " to the prosecuting officer." The plaintiff, as town grand juror, conducted the prosecution in which the fines in question were collected. He was summoned by the policeman as required by s. 3815 ; and in the language of s. 3816, did in each case " appear and prosecute said cause in the same manner as if he had been complainant in the same." He is therefore entitled to the moieties sued for.

Judgment affirmed.