## NATHANIEL PERRY v. ERI MORSE.

*Audita Querela. Malicious Prosecution. Judgment of Justice of Peace.*

1. *Audita querela,* under our statute,—R. L. ss. 826, 1420,—will not lie to set aside an *erroneous* judgment of a justice of the peace when he has complete jurisdiction ; thus, the defendant brought an action against the plaintiff before a justice of the peace for *malicious prosecution* of a civil suit, and obtained a judgment, while the original action was pending in the County Court ; *Held,* that the judgment, though erroneous, could not be set aside by *audita querela.*
2. Jurisdiction defined.

AUDITA QUERELA. Heard on demurrer to the complaint, March Term, 1885, POWERS, J., presiding. Demurrer overruled.

It was alleged in the complaint, that the plaintiff in February, 1883, brought an action of trespass and trover against said Morse before a justice of the peace for the conversion of a horse and obtained a judgment; that thereupon the defendant appealed to the County Court, and that said suit was still pending for trial on its merits; that said Morse, well knowing that he had no cause of complaint against this plaintiff in regard to said trover and trespass suit, but wilfully intending to injure, vex and harass your complainant, without any legal right or justifiable excuse, and having been so advised by counsel, did on the 26th day of February, A. D. 1884, commence a suit for a malicious prosecution against your complainant returnable before W. G. Ferrin, Esq., a justice of the peace, on the 5th day of March, A. D. 1884, in the words and figures following :

(Setting out the writ for malicious prosecution.) It was further alleged, that the writ was served on the complainant by arresting his body; and that this suit was discontinued, because said justice Ferrin notified said Morse or his

counsel that it could not be maintained so long as the original action was pending. It was further alleged, that notice of the discontinuance of that suit was given on May 10, 1884, and on the same day said Morse prayed out another writ against the complainant, signed by L. W. Parmenter, a justice of the peace (which writ, like the first, was for malicious prosecution of said trespass suit, and declaring for $20 damages).

"And your complainant avers that at the time said writ was taken out the said Morse well knew that said suit could not be maintained as a matter of law as long as the original suit was pending, and was so advised by counsel, and that said suit returnable before said Ferrin was discontinued for the reason that said Ferrin told him he would have to dismiss said suit, and then brought his second suit before said Parmenter, as he then knew through his procurement he could get said Parmenter to overrule the legal objections raised by your complainant to the same and get a judgment in his favor that would not be appealable to the County Court, and said writ was taken out through a fraudulent intent to get a judgment by fraud, that he knew he was not, as a matter of law, entitled to.

"Your complainant further says that on the return day of said writ before said Parmenter, he appeared by himself and his counsel and only tried said suit upon the ground that the suit could not be maintained while the original suit was still pending in court, and as the declaration alleged that it was then pending, a demurrer was interposed which was overruled by said Parmenter, and a judgment was by said justice rendered for the plaintiff in that suit for $15.00 damages and cost."

It was alleged in the writ for malicious prosecution : "And the plaintiff avers that at said court to which said cause was returnable, he did appear and was then and there unable to procure counsel, and although he asked for an adjournment of said court, that he might procure counsel to defend himself in said court, he was obliged to appeal said cause to the March Term of Washington County Court, A. D. 1883; and he did so appeal said cause to said court, and did enter the same therein, and the

same is now pending therein, and by reason of said cause-less and malicious suit the plaintiff has been obliged to pay out great sums of money to defend himself."

The complaint further alleged, "that said suit was not brought for the purpose of enforcing any legal right, or to correct any actual or fancied wrong, but brought solely for revenge, and a fraudulent intent to procure a judgment through fraud, well knowing he had no cause of action and had been so advised by his counsel who had charge of his case, and brought his suit within the exclusive jurisdiction of a justice of the peace so it could not be appealed, hoping thereby to keep it from the light of legal investigation."

*Heath & Willard,* for the defendant.

The defendant committed no fraud. It is not alleged that the justice was deceived, but on the contrary that he entered into the defendant's design. A misrepresenta-tion will not base a charge of fraud unless it is relied upon as true. *Cabot* v. *Christie,* 42 Vt. 121; *Bond* v. *Clark,* 35 Vt. 577; *Nye* v. *Merriam,* 35 Vt. 438.

Fraud cannot be predicated of a misrepresentation of the law. *Fish* v. *Cleland,* 33 Ill. 238; *Rashdall* v. *Ford,* L. R. 2 Eq. 750; *Lewis* v. *Jones,* 4 B. & C. 606.

Fraud as a ground for *audita* has no support in this State except in the Aikens case. And there the statement as to fraud is an *obiter dictum. Staniford* v. *Barry,* 1 Aik. 321. The common law precedents do not mention fraud. Ba. Ab. tit. *Audita Querela.*

This circumstance, viz.: that the entire responsibility for departure from precedent rests upon the justice, bars the complainant from relief in this form of action. *Audita* is expressly declared not to lie for any misfeasance or error of the court. It is an action against the party. *Little* v. *Cook,* 1 Aik. 303; *Weeks* v. *Lawrence,* 1 Vt. 433; *Potter* v. *Hodges,* 13 Vt. 239.

The grounds of *audita* as shown by a review of the decisions of this State are these:

(1) Lack of opportunity to present a defence, growing out of the circumstance that it arose after judgment, or because the party had no day in court; (2) unjust refusal of appeal; (3)lack of jurisdiction of the court. The first and second grounds do not apply to this case.

The justice had jurisdiction. Jurisdiction is the right to try whether the plaintiff has a cause of action or not, whether this question arises on demurrer or traverse.

*J. P. Lamson*, for the plaintiff.

The plaintiff had no right to bring his suit for a malicious prosecution until the original cause was ended.

It is no objection to an *audita* that there is another remedy by which the act complained of could be reached. *Comstock* v. *Grant*, 17 Vt. 512; *Alexander* v. *Abbott*, 21 Vt. 476; *Edwards* v. *Osgood*, 33 Vt. 224.

It is the office of an *audita* to seize upon the misconduct of the recovering party, and set aside a judgment wrongfully obtained; or vacate an execution issued on such a judgment.

It is the appropriate remedy to vacate a judgment rendered by a justice of the peace, where the justice does some act he has no legal right to do; or omitted to do some act which was his duty to do, in order to make his judgment valid. *Comstock* v. *Grant*, 17 Vt. *supra; Lincoln* v. *Flint*, 18 Vt. 247; *Starbird* v. *Moore*, 21 Vt. 529.

Also in cases where the justice had no jurisdiction of the subject-matter. *Hastings* v. *Webber*, 2 Vt. 407; *Ball* v. *Sleeper*, 23 Vt. 573; *Glover* v. *Chase*, 27 Vt. 533; *Vaughn* v. *Congdon*, 56 Vt. 111.

The opinion of the court was delivered by

ROWELL, J. The statute provides that "no judgment rendered by a justice, on the merits of a civil cause, within his jurisdiction, shall be reversed by writ of error, *certiorari*, or any other process." R. L. s. 826.

Section 1420 provides that "on a judgment rendered by a justice, either by confession or otherwise," *audita* "shall be allowed," etc.; and it is contended that this section controls the other, and makes *audita* a proper remedy here.

But these two statutes have been kept on foot ever since the passage of the former as a part of the Judiciary Act of 1797, and they should if they can be construed so as to give them both effect, and this is accomplished on well recognized principles by construing section 1420 to mean, "in cases proper for issuing an *audita querela*"; and these are the very words of section 11 of said Judiciary Act, the 12th section of which was the same as said section 1420. Hence, this judgment being on the merits, if the justice had jurisdiction of the cause, it cannot be reversed by *audita;* and the question is: Had he jurisdiction?

Jurisdiction is defined to be, the power of a court or a judge to entertain an action, petition, or other proceeding. Rap. & Lawrence's Law Dict. The Supreme Court of the United States has said that the power to hear and determine a cause is jurisdiction. 6 Pet. 709. Chief Justice SHAW says, speaking in a criminal case, that to have jurisdiction is, to have power to inquire into the facts, to apply the law, and to declare the punishment. 3 Met. 462.

But jurisdiction, in order to be complete, must be of the person, the process, and the subject-matter. *Carleton* v. *Taylor,* 50 Vt.; *Vaughn* v. *Congdon,* 56 Vt. 111; *Bigelow* v. *Stearns,* 19 Johns. 39.

Here was jurisdiction of the person, but it is contended that there was none of the process nor of the subject-matter; and *Vaughn* v. *Congdon* is relied upon in support of the first proposition; but it is not in point. There it was held that the justice had no jurisdiction of the process, for that the complaint, being void on its face under the statute, could not be entertained by him, and afforded no authority for issuing a warrant upon it. But here the

writ was not void on its face nor otherwise, and the justice had power to entertain it, and the officer to serve it.

Here was also jurisdiction of the subject-matter. Power to adjudge concerning the general question involved in an action is jurisdiction of the subject-matter thereof; and it does not depend upon the state of facts disclosed in the particular case, nor upon the existence of a good cause of action in the plaintiff. *Hunt* v. *Hunt*, 72 N. Y. 217. This is well illustrated by *Groenvelt* v. *Burwell*, 1 Ld. Raym. 454. There the defendants, as censors of a college of physicians, had imposed punishment on the plaintiff for what they adjudged was malpractice by him. He brought his action, to which they pleaded the charter of the college, giving them power to make by-laws for the government of all practitioners of medicine in London, and to overlook them and examine their medicines and prescriptions, and to punish malpractice by fine and imprisonment; and it was held that the defendants had "jurisdiction over the person of the plaintiff, inasmuch as he practised medicine in London," and over the subject-matter, to wit, "the unskilful administration of physic."

*Howell* v. *Mills*, 56 N. Y. 226, was an action for partition, and it was objected to the jurisdiction of the court below that the petition did not show that the plaintiff was entitled to bring the action, nor state sufficient facts to authorize the court to entertain it; but it was held, that inasmuch as the court had jurisdiction of the parties and the subject-matter, error could be corrected only on exceptions properly taken.

In *Cromwell* v. *Hull*, 97 N. Y. 209, it was held that such defects were not jurisdictional, and that, the court having jurisdiction of the parties and the subject-matter, relief from an erroneous decree must be sought by appeal. *See* also, *ex parte Bigelow*, 113 U. S. 328.

Applying these principles to this case, it is easy of solution. The justice had jurisdiction of the subject-matter of

the action and the parties, but rendered an erroneous judgment, as the declaration showed that the plaintiff had no cause of action; the only remedy, therefore, that the defendant could have, was by appeal, and that was denied him by statute.

Judgment reversed, demurrer sustained, complaint adjudged insufficient, and judgment for the defendant to recover his costs.