### STATE *v.* WILLIS WAKEFIELD.

*Criminal Law.   Justice of Peace.   Jurisdiction.*

1.  A former conviction rendered by a justice of the peace against one for intoxica-
tion on his own complaint is not a bar to a prosecution previously instituted
by the state's attorney for the same offense, although the fine is determined by
the statute.   A formal complaint was necessary to confer jurisdiction on the
magistrate.

2.  Jurisdiction defined.

COMPLAINT charging intoxication.   Heard on complaint,
plea, replication and demurrer thereto, September Term, 1887,
POWERS, J., presiding.   Judgment that the replication is
sufficient, overruling the demurrer.   The case appears in the
opinion of the court.

*Dickerman & Young*, for the respondent.

The justice of the peace had jurisdiction of the subject-
matter when he imposed the fine on the respondent.   Section
3812, R. L., provides that a person shall pay a fine of $5.00
on conviction of intoxication.   Section 1666 confers jurisdic-
tion on a justice in criminal actions when the punishment is
by fine not exceeding $10.   Jurisdiction of the subject-matter
is power to adjudge concerning the general questions involved.
One court has jurisdiction in criminal cases ; another in civil
cases ; each in its sphere has jurisdiction of the subject-matter.
It is the power to act upon the general, and, so to speak, the
abstract question, and to determine and adjudge whether the
particular facts presented call for the exercise of the abstract
power.   *Hunt* v. *Hunt*, 72 N. Y. 217.   The subject-matter in

this case is the offense of being found intoxicated. *Gornvett v. Burdwell,* 1 Lord Raym, 454; *Perry* v. *Morse,* 57 Vt. 509; *Lange* v. *Benedict,* 73 N. Y. 28; *Borst* v. *Corey,* 15 N. Y. 509. A respondent can give jurisdiction voluntarily. *Hoxie* v. *Wright,* 2 Vt. 263; *Hall* v. *Williams,* 6 Pick. 232; *Wright* v. *Anderson,* 130 Mass. 149; cases, *supra; Stone* v. *Van Currer,* 2 Vt. 115.

There can be no fraud in one's procuring a conviction of himself in a case where the amount of the fine is fixed by statute; and in such case a former conviction is a bar. *Hamilton, qui tam,* v. *Williams,* 1 Tyler, 15; 3 Phil. Ev. (C. & H. Notes) p. 837, note 589.

*F. E. Alfred, State's Attorney,* for the State.

The crime of which the respondent is charged, is a creature of the statute. The duties and powers of a justice of the peace are prescribed by the statute. State's attorneys, town grand jurors and certain police officers are complaining officers of crimes to be heard before justices of the peace. R. L. ss. 1618, 1622. When other than an informing officer becomes a prosecutor, his name must be entered at the foot of the complaint, and he is held to pay costs, etc., R. L. s. 1749. He must enter into a recognizance before a warrant issues. R. L. s. 1750. Section 1667 provides that no justice shall issue a warrant, in such a case, to apprehend a person, until he has taken security.

The justice must make a minute, on the complaint, of day, month and year, that same was exhibited. Sec. 1719. Unless this minute is made, it will be fatal. *Slate* v. *Perkins,* 58 Vt. 722.

By the constitution, warrants without oath or affirmation ought not to be granted. Art. 11, Chap. 1. The provisions of this part of the constitution were fully adopted by the court in *State* v. *J. H.,* 1 Tyler, 444; *State Treasurer* v. *Rice & Burgess,* 11 Vt. 339; *Gill* v. *Parker,* 31 Vt. 610; *Campbell* v. *Thompson,* 16 Me. 120; *State* v. *Soragan,* 40 Vt. 450.

The statute must be followed in all criminal prosecutions, or they are wholly void.

It is essential that the court rendering judgment in a cause should have jurisdiction as well of the process as the party and subject-matter. ROYCE, J., Aiken v. Richardson, 15 Vt. 500. To the same effect is Mussey v. Howard, 42 Vt. 23.

Without jurisdiction, the court has no power. Herm. Est. ss. 69, 73; Robertson v. State, Ex rel. Smith (Ind.) 7 West. Rep. 481. If the respondent had been committed by Connal, the justice, the commitment would have been illegal. Vaughn v. Congdon, 56 Vt. 119. Again, if the proceedings before Connal were regular, the respondent would be entitled to one-fourth of the fine. The respondent in pleading his former conviction, should have alleged that every requirement of the statute had been complied with. It should appear that the justice had jurisdiction. Piper v. Pierson, 2 Gray, 120; State v. Reed, 26 Conn. 208; Commonwealth v. Alderman, 4 Mass. 477; Commonwealth v. Bascom, 111 Mass. 404; State v. Little, 1st N. H. 257; Moore v. State, 71 Ala. 307; Cr. Law, Mag. 909; State v. Calvin, 11 Humph. 599; S. C. 54 Am. Dec. 57; State v. Simpson, 28 Minn. 66; S. C. 41 Am. Rep. 269.

The opinion of the court was delivered by

TYLER, J. The complaint is for intoxication. Plea, that the respondent, on the 22d day of August, 1887, at Newport, went before Peter Connal, a justice of the peace, within and for the County of Orleans, and entered a complaint against himself for the offense charged in this complaint and requested the justice to fine him therefor; whereupon the justice heard the complaint and the confession of guilt, adjudged the respondent guilty and sentenced him to pay a fine of five dollars and costs, which he paid. It is claimed that the judgment and sentence are a bar to this prosecution. Replication, that this complaint had previously, on the same day, been preferred by the state's attorney, and the warrant issued thereon, returnable

before another justice, and that the respondent went before Justice Connal and procured his own conviction for the sole purpose of avoiding the effect of this complaint. The State claims that the judgment and sentence thus obtained were extrajudicial and are not a bar to this complaint. The respondent demurs generally. The only question is whether or not the replication presents sufficient matter in avoidance of the plea.

Art. 11 of Chap. 1, of the Constitution of this State says that warrants, without oath or affirmation first made, affording sufficient foundation for them, and whereby any officer or messenger may be commanded or required to search suspected places, or to sieze any person or persons, his, her or their property, not particularly described, ought not to be granted.

State's attorneys, town grand jurors and certain designated police officers in incorporated villages are made by our statutes informing officers of offences committed within their jurisdiction. R. L. ss. 1618, 1619, 1622. Sec. 1749 provides that when any person, other than such informing officers, becomes a prosecutor, he shall enter his name and place of residence at the foot of the complaint, information, or indictment, in which he becomes a prosecutor, and shall be liable to pay costs and may receive costs if the respondent is convicted. Sec. 1667 provides that no warrant shall issue, except on complaint of an informing officer, until the magistrate has taken a recognizance for costs and made a minute thereof as in civil cases; and sec. 1719 requires that he shall, at the time, make a minute on the complaint, under his official signature, of the day, month and year when the same was exhibited to him.

It was held in State v. Soragan, 40 Vt. 450, that it is indispensable that the complaint show on its face that it is presented by one having proper authority; that the authority of the informing officer is fundamental, as the complaint is the basis of the conviction. In State v. Perkins, 58 Vt. 722, it was held that the failure of a magistrate to make a minute such as the statute requires, is a fatal defect and not amendable.

The replication alleges and the demurrer admits that none

of the foregoing constitutional and statutory requirements were complied with. There is no provision in our statute by which a magistrate can of his own volition, on request of an offender, set in motion the machinery of the law. Though he may have jurisdiction of the person and the subject-matter, he cannot have jurisdiction of the process, except on the information of an officer thereto authorized by statute or by a private prosecutor under the statutory requirements.

Jurisdiction is defined to be the authority by which judicial officers take cognizance of and decide cases; power to hear and determine a cause; the right of a judge to pronounce a sentence of the law on a case or issue before him, acquired through due process of law. Bouvier's Law Dict.; *Perry* v. *Morse*, 57 Vt. 509. Jurisdiction, in order to be complete, must be of the process, the person and the subject-matter. *Vaughn* v. *Congdon*, 56 Vt. 111; *Perry* v. *Morse*, and cases cited.

The plea does not allege that the former conviction was pursuant to the requirements of the statute and therefore within the jurisdiction and power of the justice to make; and clearly the respondent could not confer jurisdiction by waiving these requirements.

It is conceded by respondent's counsel that in case of an offense where the fine is not fixed, as in an assault and battery, a former conviction would not be a bar, because an offender might have himself fined for a much smaller sum than he deserved and plead his conviction in bar of a complaint by an informing officer, and so defeat the law. This objection does not exist where the fine is fixed, and yet, if this offender could complain of himself he could not only avoid payment of the costs already made on this complaint and warrant; but he could claim one-fourth of his fine under sec. 3855, R. L., and escape full punishment, thus accomplishing the purpose for which, as admitted by the pleadings, this respondent procured his conviction; namely, to avoid the effect of the complaint.

But it is only necessary to decide that a formal complaint is

required, in order to confer jurisdiction, and that for want thereof in this case the action of justice Connell was not *res adjudicata*, as against the State. *In re Emma Pierce*, 46 Vt. 374, and in *Cain* v. *Valiquette*, 56 Vt. 78, the requirement of a formal complaint is recognized. In the former case it is said that: "The prosecution *   *   * must be by complaint and warrant, the same as for an unlawful sale of liquor;" and in the latter, that, *   *   * "formal proceedings by way of complaint, information or indictment are necessary."

A paragraph from the opinion of the court in *State* v. *Colvin*, 11 Humph. 599, though in a case where the fine was not fixed by law, is very pertinent: "While the statute was designed to furnish a more easy, expeditious and less expensive mode for the punishment of ordinary misdemeanors, it was certainly never intended by its authors to abate, in the slightest degree, the rigor of the principles of criminal jurisprudence applicable to such cases, nor to impair the efficiency of their administration, much less to open a door to fraudulent and collusive evasions of the law. To make a conviction under this statute a bar to a prosecution in the circuit court, it must appear that the case was properly within the authority and jurisdiction conferred upon the justice; that the proceedings were fairly and legally conducted, and that all the material requirements of the statute were complied with, not colorably or collusively, but substantially and in good faith."

"The offender cannot voluntarily appear before the justice and charge himself, and therefore it was held in *State* v. *Atkinson*, 9 Humph. 677, that the plea of the defendant in that case was bad, for want of the averment that he had been brought before the justice by process regularly issued against him. Neither can he be permitted, by his own procurement, or by collusion with others, to have himself brought before the justice, even under cover of legal process. To tolerate this would be mere mockery of the administration of the law."

Demurrer overruled, replication adjudged sufficient and cause remanded,