# ELLA BUGBEE v. O. B. BOYCE ET ALS.

## May Term, 1895.

*Commitment for failure to disclose.*

1.  Process good upon its face justifies the officer executing it.

2.  A person found intoxicated may, under No. 127, Acts 1884, after conviction, be committed for refusal to disclose. *Held*, that a warrant of commitment which stated that the respondent had been charged with having been found intoxicated and that the justice had found that the respondent had been intoxicated, showed jurisdiction in the justice to issue the warrant.

3.  By conviction as used in the statute is meant ascertainment of guilt, not sentence or judgment.

Case for false imprisonment. Heard upon the report of a referee at the June term, 1894, Caledonia county, TYLER, J., presiding. Judgment for the defendants. The plaintiff excepts.

The first warrant under which the plaintiff was confined was as follows :

"STATE OF VERMONT
. v.
ELLA BUGBEE.

"STATE OF VERMONT, ⎱ To any sheriff or constable in the Caledonia County,    ⎰ State, Greeting :

"WHEREAS, Lorenzo Warren, special prosecutor for the town of Burke, on the eleventh day of May, A. D. 1892, at Burke, in said county, brought before us, Wendell Silsby, a justice of the peace within and for said county of Caledonia, said Ella Bugbee, charging her, the said Ella Bugbee, with with having been found intoxicated on the fifth day of May,

A. D., 1892, and the fact being found by me that the said Ella Bugbee had been intoxicated, she was by me ordered to disclose under oath the place where and the person of whom the liquor producing intoxication was obiained, and the attending circumstances agreeably to the law relating to the traffic in intoxicating liquor, and the said Ella Bugbee having neglected and refused so to do, therefore, by the authority of the State of Vermont, you are hereby commanded to take the body of the said Ella Bugbee and her commit to the keeper of the jail in St. Johnsbury, in the county of Caledonia aforesaid, within the said prison, who is hereby commanded to received the said Ella Bugbee and her safely keep until she makes such disclosure or is discharged by me or otherwise by order of law.

" Hereof fail not and due return make. Given under my hand this 12th day of May, A. D. 1892.

" WENDELL SILSBY,<br>" Justice of the Peace."

*Alexander Dunnett* for the plaintiff.

*Harry Blodgett* and *W. P. Stafford* for defendant.

The warrants under which the plaintiff was detained were regular in form and justified the defendants. *State* v. *Hodgson*, 66 Vt. 134 ; *O'Neil* v. *Vermont* 144 U. S. 323.

MUNSON, J. The justification of the defendants depends upon the sufficiency of the warrants under which the plaintiff was committed. An officer is justified in executing a process that is good upon its face. *Gage* v. *Barnes*, 11 Vt. 195 ; *Churchill* v. *Churchill*, 12 Vt. 661. It is not claimed that the case discloses any ground on which the magistrate can be held liable, if the warrants are sufficient to justify the officer.

It appears from the warrants that the plaintiff was brought before the defendant Silsby, a justice of the peace, on the 11th day of May, 1892, by the defendant Warren as special prosecutor, charged with having been found intoxicated on the

5th day of that month. This recital indicates that the proceeding against the plaintiff was under R. L., 3812, as amended by No. 36, Acts of 1888, and that her disclosure was required by virtue of No. 127, Acts of 1884. It certainly fails to show a summary arrest under R. L., 3814, and a disclosure under R. L., 3816. The difference between the proceeding under R. L., 3812, and that under R. L., 3814, is explained in *Re Emma Pierce*, 46 Vt. 374.

The form of a warrant of commitment given in R. L., 3864, was prepared for use upon a refusal to disclose under the requirements of R. L., 3816, and is not entirely applicable to a case of refusal under No. 127, Acts of 1884. The magistrate made use of this form in drawing the warrants in question, omitting such parts as refer to a disturbance of the public peace. But if the warrants fairly show an authority to commit for a refusal to disclose after a conviction under R. L., 3812, they are a sufficient justification.

The statement in the warrants that the plaintiff was charged with having been found intoxicated, embodies a correct designation of the offense punishable under R. L., 3812. If the warrants fairly show a legal conviction of that offense, they show that the magistrate had authority, under No. 127, Acts of 1884, to commit the plaintiff for a refusal to disclose. The plaintiff claims that both warrants are defective in that they fail to show this conviction.

The court is authorized to require this disclosure when the person is " convicted." The plaintiff contends that a conviction consists in a judgment of the court that the respondent is guilty. The judgment rendered against the defendant in a criminal proceeding is that which declares his punishment, and it is usually denominated the sentence. Rap. Dict. Tit. judgment s. 23; Bouv. Dict. Tit. sentence; 1 Chit. Cr. Law. 701 et seq. While the term " conviction " may refer to the judgment or sentence of the court, it ordinarily refers to the ascertainment of the respondent's guilt. *The*

*King* v. *Turner*, 15 East 570 ; *Com.* v. *Lockwood*, 109 Mass. 323 : 12 Am. Rep. 699. The judgment on verdict, or other judicial declaration, which sometimes precedes the sentence, is not needed to complete the finding of guilt. That is ascertained whenever a plea or verdict of guilty is accepted and entered of record. So these warrants are not made defective by their failure to recite the rendition of a judgment, unless the statute requiring a disclosure upon conviction be held to refer to the judgment. But the term " convicted," as here used, evidently refers to the ascertainment of guilt, and not to the judgment of the court. The ground for requiring a disclosure regarding the procurement of liquor is complete when the fact of intoxication is established. There is nothing involved in the disclosure nor its consequences that depends upon a previous rendition of judgment.

It is sufficient, then, if the warrants fairly disclose a conviction in the usual sense of the term. A conviction could be had only by an admission of guilt or the verdict of a jury. R. L., 1612. The first warrant recites a finding by the justice that the respondent had been intoxicated. A majority of the court think the fair meaning of this is that the plaintiff was adjudged guilty by the court upon proceedings previously had in due course. The writer of the opinion is unable to concur in this view, and would hold the first warrant insufficient. But to the second warrant there is a preliminary recital that the respondent had pleaded guilty to the charge of intoxication. Upon this recital, the further statement of her having been found by the justice to have been intoxicated, could not be taken to disclose an illegal trial.

*Judgment affirmed.*