**UNITED STATES of America,**

v.

**James LABOR, Jr.**

**No. 98 CR 50–1.**

United States District Court,
D. Vermont.

Dec. 4, 1998.

Ernest Marvin Allen, III, Stetler, Allen & Kampmann, Burlington, VT, for Defendant.

Tristram J. Coffin, Office of the U.S. Atty., District of Vermont, Burlington, VT, for U.S.

OPINION AND ORDER

SESSIONS, District Judge.

The matter before the Court is Defendant's Motion to Dismiss. Defendant stands charged with one count of possession of a firearm in and affecting interstate commerce by a person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). He moves to dismiss

on the ground that as of the date of the alleged possession of a firearm, he had no such conviction. He argues that he had received a deferred sentence for the underlying offense for which he was still on probation and that this does not constitute a "conviction" under the statute.

 18 U.S.C. § 922(g)(1) provides in relevant part that

> [i]t shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to … possess in or affecting commerce … any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

What constitutes a "conviction" for the purposes of this statute is determined in accordance with the laws of the jurisdiction in which the underlying proceedings were held. 18 U.S.C. § 921(a)(20)(B) (Para.2).

■ Under Vermont law, conviction ordinarily refers to the ascertainment of a defendant's guilt. *Bugbee v. Boyce*, 68 Vt. 311, 313, 35 A. 330, 331 (1896). Specifically, in *Bugbee* the Vermont Supreme Court examined the meaning of "conviction" under No. 127, Acts 1884, a statute which provided that a person, after conviction for intoxication, could be committed for refusal to disclose the origin of the alcohol. The court found that conviction requires only that a plea or verdict of guilty be accepted and entered of record. *Id.* 68 Vt. at 314, 35 A. at 331. Further, the general sentencing statutes found at Vt.Stat. Ann. tit. 13 § 7001 and § 7002 clearly equate conviction with a plea or verdict of guilty and separate it from judgment or sentencing by predicating the latter upon the former.

■ The record shows that the Defendant pled guilty to one felony violation of Vt.Stat. Ann. tit. 18 § 4230(a) and one felony violation of Vt.Stat.Ann. tit. 13 § 1404, each of which carried a maximum term of imprisonment of more than one year. Therefore, having pled guilty, he has been convicted within the meaning of the statute.

Defendant's Motion to Dismiss is DENIED (Paper # 10).