## STATE OF IOWA v. J. H. TUCKER, Appellant.

**Jury Trial: WAIVER.** A defendant being tried in the district court for a misdemeanor cannot waive trial by jury. Code, 4347.

Kinne, J., dissents.

*Appeal from Poweshiek District Court.*—HON. D. RYAN, Judge.

WEDNESDAY, DECEMBER 11, 1895.

Indictment for nuisance. Trial to the court, and defendant adjudged guilty, and sentenced to pay a fine of three hundred dollars, and costs, with an order of commitment to jail until the same was paid. Defendant appeals.—*Reversed.*

*Cummins & Wright* for appellant.

*Milton Remley,* attorney general, and *Jesse A. Miller* for the state.

Kinne, J.—I. The defendant was indicted for a liquor nuisance. He waived arraignment, averred that he was indicted by his right name, and pleaded not guilty. Thereafter, the cause coming on for trial, the defendant waived a jury, and agreed that the cause

should be submitted to and tried by the court. The following stipulation was entered into: "Taken before Hon. D. Ryan, judge, on the afternoon session of Friday, September 7, 1894; J. P. Lyman appearing for the state. It is stipulated in this cause that the minutes of testimony attached to the indictment shall be used as the evidence of the witnesses whose names are, respectively, attached to the minutes; that the person referred to in the minutes of evidence as 'Tucker' is the defendant in this case; and that the defendant is the agent of the Rock Island Railway Company at Brooklyn and of the United States Express Company at Brooklyn, and as such had the control and charge of the depot building in which the transaction referred to took place. It is further agreed that this cause may be submitted to be determined in vacation, and decision entered as of this term, with permission to either party to furnish written briefs or arguments." In pursuance of the above waivers, agreements, and stipulations, the cause was tried by the court, who, in vacation, adjudged that the defendant was guilty, and sentenced him to pay a fine of three hundred dollars, and the costs of the suit, and ordered that he be committed to the jail of Poweshiek county until said fine was fully paid, not to exceed one day for every three dollars and thirty-three and one third cents of the fine. The defendant appeals from this judgment. We have held that the defendant in a criminal case cannot waive a jury and submit to a trial by the court, and that a conviction had under such circumstances is illegal. *State v. Carman,* 63 Iowa, 130 (18 N. W. Rep. 691); *State v. Larrigan,* 66 Iowa, 426 (22 N. W. Rep. 907). These were both cases of a felony, and it is said that a distinction should be made, as to the right of a defendant to waive a jury and consent to trial by the court, between such cases and a case like that at bar,

where the crime charged is a misdemeanor. We discover no reason for making such a distinction. The same reasons for denying the right in the one case exist as to the other. See *State v. Douglass*, 96 Iowa, *post* (65 N. W. Rep. 151). As a majority of the court adhere to the ruling announced in the above cases, this case must be reversed. The writer hereof desires to be understood as dissenting from the opinion of the majority of the court, and, without entering into a discussion of the question presented, holds that, in all criminal cases, the defendant has the undoubted right to waive a jury and submit to a trial by the court. Following the views of the majority, the judgment below is *reversed.*