*In re* C. W. McQuown.

(Filed September 5, 1907.)

(91 Pac. 689.)

1. COURTS—Records—Amendment by Nunc Pro Tunc Order. On proper application and notice, a court may, by nunc pro tunc order, cause its records to speak the truth and be amended so as to record any part of the proceedings had in a cause which by inadvertence or mistake the clerk has omitted to record.

2. JURY—Trial by Jury—Cannot be Waived, When. One who is charged with a crime triable by a jury at common law is required by our statute to be tried by a jury, and cannot waive such right. A judgment of conviction, pronounced by a court upon a plea of not guilty, without the intervention of a jury is void; and a person imprisoned upon such judgment is entitled to his discharge upon habeas corpus.

(Syllabus by the Court.)

*In re* C. W. McQuown.

*Original in the Supreme Court.*
Petitioner discharged.
*Geo. T. Webster,* for petitioner.
*M. L. Holcombe,* Co. Att'y, for respondent.

Opinion of the court by

BURFORD, C. J.: The petitioner was convicted in the probate court of Custer county for a violation of the law for the protection of game, and was sentenced to pay a fine of $100 and costs, and to stand committed to the county jail in default of payment. He appealed to the district court, but there dismissed his appeal before trial, and the cause was remanded to the probate court to be executed. The defendant upon arraignment pleaded not guilty, waived a jury, and tried the case to the court.

The original record of the judgment omitted to state that the defendant was ordered committed to jail in default of payment of the fine adjudged against him, or that he waived a jury trial. Subsequently the court, on motion of the county attorney, found that the defendant did, on arraignment, waive a jury, and that in rendering the judgment and pronouncing judgment the court did in fact adjudge that upon failure to pay the fine and costs that the defendant be committed to the county jail of Custer county until the fine and costs should be paid, or until he had served one day for each two dollars of said fine and costs, and the court ordered *nunc pro tunc* that the record be made to speak the truth, which was accordingly done. The petitioner contends that that judgment so entered and recorded is void and of no effect, for the reason that the record was amended after the expiration of the term of court at which the judgment was rendered, and a number of authorities are cited sustaining the proposition that the clerk cannot amend his records after the term at which the proceedings were had. We find no fault with the rule as here contended for, but it has no application to the facts in this case. The orders, judgments, and proceedings of a court of general jurisdiction are required to be recorded

by the clerk of the court. The failure of the clerk or recording officer to make such record does not vitiate the proceedings. The clerk may, at any time during the term at which the proceedings are had, correct, amend, or supply omissions to make the record speak the truth; and the court may, at any time, upon proper application, from the memory of the presiding judge or upon proper showing, by appropriate order *nunc pro tunc* cause its records to recite the truth, and may supply any omission from its records; and this may be done in a criminal as well as in a civil cause. Such record, when so supplied, relates to the time when the proceedings were in fact had, and may make valid that which was apparently defective. *Wright v. Nicholson,* 134 U. S. 136, 33 Law. Ed. 865; *Gonzales v. Cunningham,* 164 U. S. 612, 41 Law. Ed. 572. *Hyde v. Curling,* 10 Mo. 359; *State v. Clark,* 18 Mo. 432; *Nelson v. Barker,* 3 McLean (U. S.) 379; *State v. Bilansky,* 3 Minn. 246; Bishop's New Crim. Proc., § 1345. The proceedings had before the probate court for the purpose of determining what judgment was in fact rendered, and its finding and order for a *nunc pro tunc* order perfecting the record, are strictly in accord with recognized practice, and conform to what is required by due process of law. We are not permitted in this kind of a proceeding on habeas corpus to review or correct errors, and we need not decide whether the proceedings were in every respect free from error. The court had power to make its records speak the truth; it had jurisdiction of the parties and of the subject-matter, and it proceeded in the manner recognized by law. The proceedings are not void and may be enforced.

The next contention is that the judgment is void for the reason that the petitioner was entitled to a jury trial, and that he could not lawfully waive such right, and that a judgment rendered by the court upon a plea of not guilty, without the intervention of a jury, is void. The statutory provisions involved are as follows: Section 5142, Wilson's St. 1903: "No person can be punished for a public offense except upon legal conviction in a

court having jurisdiction thereof." Section 5151: "The procedure of practice and pleadings in the district courts of this territory in criminal actions or in matters of a criminal nature, not specifically provided for in this chapter, shall be in accordance with the procedure, practice and pleadings of the common law, and assimilated as near as may be with the procedure, practice and pleadings of the United States or Federal side of said court." Section 5158: "No person can be convicted of a public offense unless by the verdict of a jury accepted and recorded by the court, or upon a plea of guilty, or upon final judgment for or against him upon a demurrer to the indictment, or upon a judgment of a police or justice's court in cases in which such judgment may be lawfully given without the intervention of a jury or grand jury." Section 5434: "An issue of fact arises, first, upon a plea of not guilty; or, second, upon a plea of a former conviction or acquittal of the same offense." Section 5435: "Issues of fact must be tried by a jury." Section 5436: "If the indictment is for a felony, the defendant must be personally present at the trial, but if for a misdemeanor not punishable by imprisonment, the trial may be had in the absence of the defendant. If, however, his presence is necessary for the purpose of identification, the court may, upon the application of the district attorney, by an order or warrant, require the personal attendance of the defendant at the trial."

This brings us to the question: Can a defendant, charged with a crime and entitled to a jury, waive the jury and try the case to the court? Upon this question a casual examination of the decisions would lead to the impression that there is considerable conflict. But a careful and discriminating review discloses the fact that the decisions holding that the accused may waive a jury are based upon statutory or constitutional provisions. A great many of the states of the Union have constitutional or statutory provisions to the effect that a defendant in a criminal cause shall be tried by a jury, unless he waive the jury and con-

sent to trial by the court. We believe the authorities are practically unanimous in holding that a jury cannot be waived, unless such waiver is authorized by statute. In Hughes on 'Criminal Procedure, §2979, the author says: "A jury cannot be waived in' a felony case, even by agreement or consent of the defendant. It is jurisdictional, and consent can never confer jurisdiction. The defendant may waive his right to a jury trial in a prosecution for a misdemeanor, and be tried by the court instead of a jury, where such waiver has been authorized by statute, and the courts have upheld the constitutionality of statutes providing for such waiver in misdemeanor cases." Iu Bishop's New Criminal Procedure, §893, it is said: "One form of waiver is where, authorized by statute and the constitution not withholding any needful jurisdiction from the tribunal, the defendant consents to be tried by the court without a jury. He cannot afterward complain."

Rapalje, in his Criminal Procedure (section 150), goes more fully into the question, saying: "There are few questions of law upon which the courts are more evenly divided in opinion than the problem whether it is legally competent for a defendant in a prosecution for felony to waive a trial by jury and consent to be tried by the court, unless, as in the case in some of the states, the constitution allows a jury to be waived in such cases as the legislature may direct. Where the constitution so provides, the legislature alone has the power to determine in what classes of cases a jury trial may be waived. The words 'prescribed by law,' in the constitution, are held to look to actual legislation upon the subject, and, in the absence of a statute, to impliedly prohibit the granting of a permission by the court to the defendant to dispense with a jury. And, a statute having provided a certain way of waiving a jury, that way must be pursued; a waiver can be had in no other. But, where the constitution is silent on this matter, the decisions are at variance as to whether a legislative authorization is effectual to enable the accused to waive a jury. Upon the affirmative side of this question it is held in Alabama and Indiana that the failure

to demand the privilege of a jury trial is a waiver of it. In Arkansas, in a trial for assault or other misdemeanor, by agreement of the parties, the defendant may be tried by a jury of less than twelve, or by the court alone, but mere waiver of the requisite number by failing to object to less will not authorize a trial by less than twelve. In Connecticut, a statute providing that in all prosecutions the party accused, if he should so elect, might be tried by the court instead of by the jury, and that in such cases the court should have full power to try the case and to render judgment, was held not to conflict with the constitution. In Georgia, a defendant may waive the jury altogether, or the full number. In Illinois, a party under indictment for a felony, after pleading not guilty, may waive his constitutional right to a trial by jury, and a trial and conviction by the court alone is valid; but in a capital case the accused will not be presumed to have waived any of his rights, although he has power to waive them all. So, also, in misdemeanor cases, the jury may be waived by consent. In Iowa, if the defendant consents, eleven jurors may try the case; but he cannot waive a jury altogether and submit to a trial by the court. In Kansas, the defendant may waive or insist on trial by jury at his option. In Michigan, a waiver of jury trial in a prosecution for assault and battery before a justice of the peace is binding. So, also, in Kentucky, Missouri, and Nevada, in misdemeanor cases the defendant may consent to be tried by less than a full jury. And, in New York, an infant accused of petit larceny may waive his rights to trial by jury and elect to be tried by a court of special sessions. In Ohio, where the offense is a petty one triable in the police court, a failure to demand a jury is a waiver. In Texas, a waiver may be effected by the entry of a plea of guilty. In Wisconsin, the defendant was held to have waived his right of jury trial by obtaining a change of venue." In section 151 the author reviews the opposite holdings, and says: "Notwithstanding the many ably reasoned opinions to be found in the cases collated in the preceding section, an examination of the decisions holding

the contrary doctrine has led the writer to the conclusion that the weight of authority, as well as the better opinion, is that, in prosecution for crime other than minor misdemeanors and petty offenses, the defendant cannot waive his right to trial by jury or consent to a trial by a less number than twelve. A trial without a jury is a trial without jurisdiction. The state and the defendant cannot agree upon the facts and submit them to the judge for his decision. Some of the cases merely decide that the waiver is ineffectual in cases of felony; but it is difficult to see why the same rule should not obtain in cases of grave misdemeanors entailing heavy punishment in the event of conviction. Even the issue on a plea of former trial must be decided by a jury, and defendant's consent will not dispense with such trial. In Michigan, a conviction for murder was had, one of the jurors being an alien, which was unknown to the defendant until after verdict, and, his motion for a new trial being refused, it was held that the verdict was void; that the defendant could neither expressly nor impliedly waive his right to a jury of twelve men such as is meant by the state constitution—a jury of his countrymen. The error into which those who hold the opposite view fall seems to be twofold: First. They ignore the distinction between civil suits, involving property rights, and criminal prosecutions, involving the right of life or liberty. Second. They treat the mode of trial by jury as though its sole purpose and effect was to protect the particular suitor or the individual defendant; as if its use or disuse were a matter of purely personal right and concerned only the litigants themselves. For, as Blackstone says, 'the king has an interest in the preservation of all his subjects.' The life and liberty of the citizen is a matter of supreme importance to the state, and it should not allow him to throw either away by failure, intentional or unintentional, to take advantage of the constitutional safeguards in a criminal trial."

In Wharton's Criminal Pleading and Practice (8th Ed.) §733, discussing consent and waiver, the author says: "But such

Vol. 19—23

consent does not, it has been held, operate to legalize a trial by eleven instead of twelve jurors; nor can a defendant, without an express statutory authority, waive his right to a trial by jury on a plea of not guilty." In the law of Crimes and Criminal Procedure, by Hocheimer, it is stated: "Statutes authorizing the submission of a case to the determination of the court are valid; but, in the absence of statutory provision, the parties cannot by consent confer upon the court power to determine the facts." Mr. Clark, in his Criminal Procedure, says (p. 434) : "The right of every person charged with crime to a trial by jury, has from the earliest period existed at common law. It was recognized and secured to the English people by the Magna Charta and with us it is guaranteed by our federal and state constitutions. The language of the different provisions varies to some extent; but their object and effect is the same, namely, to secure to every person charged with a crime the same right to a jury trial, and only the same right, as had always existed at common law. No new right is conferred; but the common-law right is guaranteed, so that the legislature cannot take it away nor impair it. The legislature may regulate the mode of trial by jury, provided it does not deprive the accused of his substantial common-law rights; but it cannot take away a single one of these rights. At common law a person accused of petit offenses, such as vagrancy, disorderly conduct, violation of municipal ordinances, and trivial breaches of the peace, of which justices of the peace and police magistrates had jurisdiction, had no right to demand a trial by jury, and by the weight of authority he has no such right under the constitutional guaranty; for, as we have seen, it was only intended to guarantee the same right as had always existed at common law. Whether or not the right of trial is a right which the defendant can waive is a question upon which the authorities are conflicting. Some of the courts have held that a jury may be waived in all cases, provided there is a statute authorizing the court to try the case without a jury; that the constitutional right to a trial by jury is not infringed when the ac-

cused may have it or not at his election. Many of the cases so holding were cases of felony, but most of them were cases of misdemeanor, and it is probable that the court in some of the latter cases did not intend to lay down any such rule for cases of felony. Many of the cases hold that trial by jury cannot be waived in prosecutions for felony. It is difficult to understand how there can be any distinction in this respect between a prosecution for a felony and a prosecution for such a misdemeanor as at common law entitled the defendant to a jury trial. It would seem in reason that if a jury cannot be waived in one it cannot be waived in the other, and that if it can be waived in one it can be waived in the other. The grade of the crime should be immaterial, provided it is such a crime as entitled the defendant to a jury trial at common law; for, as we have seen, the constitutions guarantee the same right as existed at common law. If, therefore, a jury trial cannot be waived in one case in which it was necessary at common law, it cannot in reason be waived in another. Where the constitution or a statute expressly requires a jury trial, and does not merely give the accused the right to such a trial, a jury can in no case be waived; for it is intended to protect the state as well as the defendant. Where the right to a jury trial is given by statute in cases which could be tried without a jury at common law, as in prosecutions for petit misdemeanors before inferior tribunals, the right may, of course, be waived."

It is clear from the foregoing authorities that, if one charged with a crime would have been triable by jury at common law, then his right to a jury trial is guaranteed under the constitution of the United States. Our statute contains the same guaranty. Section 5434: "An issue of fact arises, first, upon a plea of not guilty. * * * Issues of fact must be tried by a jury." Section 5158: "No person can be convicted of a public offense unless by verdict of a jury, accepted and recorded by the court, or upon a plea of guilty, or upon final judgment for or against him upon a demurrer to the indictment, or upon a judgment of

a police or justice's court in cases in which such judgment may be lawfully given without the intervention of a jury or grand jury." The last clause of this section evidently refers to the class of petty misdemeanors and violations of municipal ordinances which were triable at common law without a jury. so that our statute prescribes the same rule which is found in the authorities cited, and, there being no statute in this territory which authorizes a defendant in a criminal case to waive a jury trial, it follows that such a case cannot be tried upon a plea of not guilty without a jury, unless it comes within the class of cases in which no jury was required at common law, and which, in our statute, are designated as cases triable in a justice or police court, in which judgment may be lawfully given without the intervention of a jury.

Does the charge against the petitioner come within these classes? He was charged by information before the probate court with a violation of the game law, in shipping three thousand quail during the closed season, in violation of law. He pleaded not guilty. The court found him guilty, and assessed against him a fine of $100 and $88.60 costs of prosecution, and ordered him committed until the fine and costs were paid, or until he should serve one day for each two dollars of such fine and costs. This prosecution was under section 3079, Wilson's Statutes 1903, which provides a penalty for its violation by a fine of not less than fifty nor more than five hundred dollars and costs of the prosecution. Section 5578, Wilson's Statutes, further provides: "A judgment that the defendant pay a fine may also direct that he be imprisoned until the fine is satisfied, specifying the extent of the imprisonment, which cannot exceed one day for every two dollars of the fine. This is a general statute and applicable to all criminal prosecutions where a fine may be imposed as a penalty for a crime. Petty misdemeanors at common law were unimportant, trifling offenses, such a vagrancy, disturbing the peace, desecrating the Sabbath, profanity, and kindred offenses. We think the offense charged against the petitioner here rises above the dignity of a

petty misdemeanor and entitled him to a trial by jury, and, not having had trial by jury, the judgment cannot be enforced, and that his imprisonment thereunder was illegal.

The petitioner is ordered discharged from the commitment, and, as he is now on bail to respond to such order as this court may make, that he appear at such time as shall be designated by the probate court to answer the charge in said information, and for such further proceedings in said cause as may be in conformity to law.

Irwin, J., absent; all the other Justices concurring.