### STATE *vs.* FRANK E. BATTEY.

#### JUNE 13, 1911.

PRESENT: Dubois, C. J., Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1) *Waiver of Jury Trial in Criminal Proceedings.*
The Superior Court has no jurisdiction to try a criminal appeal without a jury, although jury trial is expressly waived by a respondent.

CRIMINAL APPEAL. Heard on exceptions of defendant and proceeding in Superior Court held to be null and void for reasons stated in opinion.

DUBOIS, C. J. This is a criminal complaint brought in the District Court of the Fifth Judicial District, under Gen. Laws, 1909, cap. 86, § 11, charging that on July 10, 1910, at Bristol, the defendant "Did wilfully and unlawfully operate and cause to be operated a motor vehicle, to wit, an automobile, on a public highway, in said town of Bristol, to wit, Hope Street, beginning at a point on said highway, at or near the residence of Mrs. Raymond Paull, thence along said highway in a southerly direction, the territory contiguous thereto being closely built up, at a rate of speed greater than fifteen miles per hour, against the statute and peace and dignity of the state." In the district court the defendant pleaded guilty, was sentenced, and took an appeal to the Superior Court. In the Superior Court

the defendant pleaded not guilty and waived jury trial, and the case was heard and decided by a justice of said court without a jury. In the course of said trial the defendant took certain exceptions to the rulings of said justice and duly filed and prosecuted the same, and the case is now before this court for the consideration of said exceptions. But we are confronted with a question affecting the jurisdiction of the Superior Court in the premises which must be disposed of at the outset. Did the Superior Court have jurisdiction to hear this criminal appeal without a jury even though the defendant had waived his right of trial by jury?

"As a general rule defendant cannot waive a jury trial in a criminal prosecution, or at least in prosecutions where a jury is an essential part of the court having jurisdiction to try the offense charged; but the authorities show a radical difference of opinion by the different courts as to the grounds upon which the rule is based. A few of the decisions are based in whole or in part upon grounds of public policy, and others were decided under constitutional provisions which were in terms mandatory; but most of the constitutions merely provide that the accused shall enjoy the right to a jury trial, and most of the decisions seem to be based not upon the question of whether the constitutional provisions may be waived, but upon the ground that the court is without jurisdiction, which cannot be conferred by consent, to proceed without a jury in the absence of statutory authority, or where the statutes expressly provide that the trial shall be conducted according to the course of the common law, or that issues of fact must be submitted to a jury. Accordingly it is uniformly held that where the legislature so provides a jury trial may be waived and the case tried by the court, and under such provisions expressly authorizing a trial by the court, no distinction as to the right of waiver is made between prosecutions for felonies and for lesser offenses.

"In some cases it is held that the rule that a jury trial cannot be waived in criminal cases applies to trials for misdemeanors as well as felonies, but in others it is held that in trials for misdemeanors a jury trial may be waived. In a few states there

is a distinction based upon statutory provisions which in terms permit a waiver in the case of misdemeanors or in trials before justices or in certain courts of inferior jurisdiction." 24 Cyc. 150 and cases cited. Although in this State, under the Constitution, Art. 1, § 15: "The right of trial by jury shall remain inviolate," it may be expressly waived or lost by non-claimer thereof in civil cases. But it is not so in criminal appeals; on the contrary there is a direct prohibition, for under Gen. Laws, 1909, cap. 296, § 9, it is provided that: "All criminal appeals shall be heard and tried in the Superior Court with a jury." This is a mandatory provision which cannot be waived. The Superior Court has no jurisdiction to try a criminal appeal without a jury, and a motion in arrest of judgment might well be interposed in any case where the statute had been violated in this particular. And in case of imprisonment upon a mittimus, a writ of habeas corpus would lie for the enlargement of the person so detained.

For these reasons the proceedings had in the Superior Court after waiver of jury trial therein were null and void and resulted in a mistrial of the case, and therefore the case must be remitted to the Superior Court for further proceedings.

*William B. Greenough,* Attorney-General, *Harry P. Cross,* Second Assistant Attorney-General, for State.

*Mumford, Huddy & Emerson, George H. Huddy,* Jr., for defendant.