STATE *v.* M. HIRSCH.

November Term, 1916.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed May 1, 1917.

*Municipal Courts—Right to Trial by Jury—Question Raised on Exception to Judgment—Constitutional Law—Common Law Jury—Power of Legislature—P. S. 2216—Municipal Court Act—"Convicted"—"Offence"—Conspiracy — Circumstantial Evidence—Declarations of Conspirators or Their Agents —Exceptions—When Unavailing.*

The objection that a municipal court has no power to try a criminal case without a jury is based upon jurisdictional grounds of such a character that the question may be raised for the first time in Supreme Court on exception, to the judgment.

The jury referred to in the Vermont Constitution, chap. 1, arts. 10 and 12, and chap. 2, § 31, is the common law jury of twelve.

The legislature has the power to extend the right of trial by jury beyond the limits guaranteed in the Constitution.

P. S. 2216, providing that no person shall be convicted of an offence unless by confession of guilt in open court, by admitting the truth of the charge in a plea or demurrer, or by verdict of a jury, is not inconsistent with, and so is not repealed by, the Municipal Court Act, (No. 91, Acts of 1915), providing that a respondent, tried in a municipal court for an offence within the jurisdiction of the court, shall be entitled to a jury of twelve.

The term "convicted" as used in P. S. 2216 refers to the ascertainment of guilt and not to the judgment of the court; and the term "offence" as used therein includes misdemeanors.

Jurisdiction cannot be conferred upon a court by waiver or by agreement of the parties.

A municipal court has no authority under the Municipal Court Act, (No. 91, Acts 1915), to try a respondent for an offense within its jurisdiction without a jury.

A conspiracy may be, and generally must be, proved by circumstantial evidence and evidence of other transactions of a like nature is admissible.

In a prosecution for conspiracy, after evidence has been adduced tending to show the combination, any declaration made by one of the conspirators pursuant to the common object and in furtherance of it is admissible against all of them.

An exception to the exclusion of one sheet of a certain letter is unavailing where the offered exhibit is not produced in Supreme Court, and where, for all that appears, the court below may have excluded it because only a part of the document was produced and the absence of the remainder not satisfactorily accounted for.

In a prosecution for conspiracy, there being evidence of a combination, the declarations of the agents or employees of one of the conspirators are admissible against all, and it is immaterial whether their statements are specially authorized by their employer.

COMPLAINT, charging respondent with setting up, promoting and aiding in a lottery, under P. S. 5936. Plea, not guilty. Trial by court in the Brattleboro Municipal Court, *Barber,* Municipal Judge. Judgment, guilty. Respondent excepted. The case is stated in the opinion.

*W. B. C. Stickney, George H. Thompson* and *James P. Rich-ardson* for the respondent.

The question as to the right of the municipal court to try respondent without a jury is properly raised in Supreme Court by exception to the judgment.     *State* v. *Gilbert,* 36 Vt. 145; *Farrant* v. *Bates,* 60 Vt. 32; *Penniman* v. *Patchin,* 5 Vt. 346; *Way* v. *Wakefield,* 7 Vt. 223; *Blodgett* v. *Adams,* 24 Vt. 23; *Estabrooks* v. *Insurance Co.,* 74 Vt. 202; *Small* v. *Haskins,* 30 Vt. 172.

In a criminal case there can be no judgment of guilty without a conviction.     *Bugbee* v. *Boyce,* 68 Vt. 311.     No person can be convicted of any offence except by confession of guilt, or by the verdict of a jury accepted by the court and recorded.     P. S. 2216; *Bugbee* v. *Boyce,* 68 Vt. 311.     A respondent cannot waive a jury trial.     24 Cyc. 150-2a.     The Municipal Court Act, (No. 91, Acts 1915) does not repeal P. S. 2216.

Admissions of an alleged conspirator are not evidence against another, unless the conspiracy has been established, or the admissions themselves tend to prove it.     *State* v. *Thibeau,* 30 Vt. 100; *Wilbur* v. *Strickland,* 1 Rawle 458; *State* v. *Rogers,* 18 Mass. 184.

It was error to permit the State to show other similar offences by the respondent, which were not charged in the complaint, and were outside of the place set up in the complaint. *State* v. *Kelley,* 65 Vt. 531; *State* v. *Wenzel,* 72 N. H. 396; *Clark* v. *State,* 47 N. J. L. 556, 4 Atl. 327.

*O. B. Hughes,* State's Attorney, for the State.

The question of respondent's right to a jury trial, not having been raised below, cannot be raised in Supreme Court.     *State* v. *Larger,* 45 Mo. 510; *State* v. *Wiley,* 82 Mo. App. 61; *Davis* v. *Carpenter,* 172 Mass. 167, 51 N. E. 530; *Town of Clinton* v. *Leake,* 71 S. C. 22, 50 S. E. 541.

The Municipal Court Act (No. 91, Acts 1915) repeals P. S. 2216.     The legislature has the right to provide that the minor offences, such as the one charged in this case, may be tried without a jury.     *State* v. *Peterson,* 41 Vt. 504; *State* v. *Conlin,* 27 Vt. 318; *In re Dougherty,* 27 Vt. 325, 24 Cyc. 144.

As the record does not show that respondent asked for a

jury trial, he must be taken to have waived his right to it. He could do this, as the case had to do with the internal police of the State and classed as a minor offence. *State* v. *Conlin*, 27 Vt. 318; *State* v. *Woodling*, 53 Minn. 142, 54 N. W. 1068; *State* v. *Bannock*, 53 Minn. 419, 55 N. W. 558; *In re Staff*, 63 Wis. 285, 23 N. W. 587, 53 Am. Rep. 285; *State* v. *Vogel*, 22 Wis. 471; *State* v. *Worden*, 46 Conn. 349; *Ward* v. *People*, 30 Mich. 116; *Dillingham* v. *State*, 5 Ohio St. 280; *State* v. *Mansfield*, 41 Mo. 470; *Brown* v. *State*, 16 Ind. 496; *Lancaster* v. *State*, 90 Md. 211, 44 Atl. 1039; *Ward* v. *People*, 30 Mich. 116; *Austin* v. *People*, 63 Ill. App. 298; *Hamel* v. *People*, 97 Ill. App. 527; *Dallman* v. *People*, 113 Ill. App. 507; *State* v. *Bockstruck*, 38 S. W. 317, 136 Mo. 335; 24 Cyc. 152 b.

The representations of the various canvassers to the persons from whom respondent later made collections were admissible against respondent. 3 Greenleaf, Evidence, Sec. 93; *Patch Co.* v. *Protection Lodge*, 77 Vt. 294; 12 Cyc. 438; *Jenne* v. *Joslyn*, 41 Vt. 478; *State* v. *Morton*, 27 Vt. 310.

It was not error to receive evidence of the method used by respondent and the United Furniture Co., in conducting the same business in Bellows Falls. *State* v. *Marshall*, 77 Vt. 262; 12 Cyc. 408, 411; *State* v. *Louanis*, 79 Vt. 463; *State* v. *Sargood*, 80 Vt. 412; *State* v. *Valwell*, 66 Vt. 558.

It was not error to exclude evidence as the authority of the canvassers to make the representations. 12 Cyc. 538.

TAYLOR, J. The respondent was prosecuted in the Brattleboro Municipal Court on a complaint charging him with being concerned in disposing of property by lottery in violation of P. S. 5936. On his plea of not guilty he was tried by the court and adjudged guilty. To this judgment and to certain rulings of the court during the trial the respondent seasonably excepted and has brought the case here for reveiw.

Under the exception to the judgment the respondent raises the question of the court's power to try the case without a jury. We find it advisable to consider that question at the outset. The state contends that, since it does not appear that the exception to the judgment was based in the court below on the objection now urged, the question is not properly before this Court. It is said that by failing to object specially on this ground in the trial court the objection was waived. But the objection is based on

jurisdictional grounds of such a character that the question can be raised for the first time in this court on exception to the judgment. *Kelley* v. *Moretown,* 71 Vt. 340, 45 Atl. 224; *Sanders* v. *Pierce,* 68 Vt. 468, 35 Atl. 377; *Lamson* v. *Worcester,* 58 Vt. 381, 4 Atl. 145; *French* v. *Holt,* 57 Vt. 187; *Thayer* v. *Montgomery* 26 Vt. 491.

The respondent did not expressly waive a trial by jury and, so far as appears, did not object to the trial's proceeding without a jury. The State contends that he thereby waived his right to a jury trial and cites in support of the proposition *State* v. *Conlin,* 27 Vt. 318, 323, where the court said that if the legislature sees fit to provide that minor offences may be tried upon such a complaint as was there involved, or upon an oral complaint made in court, or by a jury of six men, or no jury at all, it had no doubt of its right to do so. Commenting on this case in *State* v. *Peterson,* 41 Vt. 504, 524, the court observed that what was said about the right of trial by jury was *obiter* and not supported by authority. But we are not now concerned with the power of the legislature to provide by statute that one accused of a misdemeanor may waive the right to a jury trial. We have no such statute in this State, so the right depends upon the construction to be given to the constitutional guaranties and to P. S. 2216, which provides what is necessary to a conviction of one charged with an offence.

The respondent says that no question of constitutional right is involved, and rests his case solely on the statute. In view of his position we look to the constitution only so far as its provisions aid us in construing the statute. P. S. 2216, provides: "No person shall be convicted of an offence unless by confession of his guilt in open court, or by admitting the truth of the charge against him by his plea or demurrer, or by the verdict of a jury accepted by the court and recorded."

This provision first appears in the revision of 1839 (R. S. ch. 93, § 3), and has come down without change, except that in the earlier revisions it read "any offence" instead of "an offence." It has never before been squarely before the Court for construction and, so far as we are aware, has only once been referred to in a reported case. It was cited in *Bugbee* v. *Boyce,* 68 Vt. 311, 35 Atl. 330, to the proposition that a conviction could be had only by an admission of guilt or the verdict of a jury. That was an action for false imprisonment. The plaintiff had

been committed to jail on the warrant of a justice of the peace, which was the imprisonment sued for. The warrant on which the defendants relied for their justification recited that the plaintiff was brought before the justice issuing the warrant charged with having been found intoxicated, a finding by the justice that she had been intoxicated, his order that she make the disclosure then required in case of a conviction for intoxication, and her refusal to comply. Plaintiff's claim was that the warrant was defective in that it failed to show a legal conviction. It was held by a majority of the court that the recital of a finding by the justice that the plaintiff "had been intoxicated" fairly meant that she "was adjudged guilty by the court upon proceedings previously had in due course." The question of waiver does not appear to have been brought to the court's attention and there is nothing in the opinion to indicate that that point was considered.

If the effect of the statute is merely to create a personal privilege in favor of the accused, there would be much force in the claim that its benefits could be waived and that they were waived when the respondent took a trial by the court without objection. It is not to be supposed that the statute is merely declaratory of a right guaranteed by the constitution if it is capable of a broader application, as in that event it would be wholly unnecessary. Thus it becomes necessary to examine the constitutional provisions for trial by jury.

The Bill of Rights provides: "That in all prosecutions for criminal offences a person hath a right * * * to a speedy public trial by an impartial jury of the country, without the unanimous consent of which jury he cannot be found guilty; * * * nor can any person be justly deprived of his liberty, except by the laws of the land, or the judgment of his peers." Const. ch. 1, art. 10. It also provides: "That when any issue in fact, proper for the cognizance of a jury is joined in a court of law, the parties have a right to trial by jury, which ought to be held sacred." Const. ch. 1, art. 12. The constitution contains the further provision: "Trials of issues, proper for the cognizance of a jury in the Supreme and County Courts, shall be by jury except where parties otherwise agree." Const. ch. 2, § 31 These provisions relating to trial by jury were all in force when what is now P. S. 2216 was enacted.

The jury referred to in these provisions is the common law

jury of twelve. *State* v. *Peterson,* 41 Vt. 504, 522; *Plimpton* v. *Somerset,* 33 Vt. 283, 293. Until recently the constitutional guaranty of a right to trial by such a jury was secured in criminal cases by an unfettered appeal from all minor courts to the county courts, which for many years have alone provided the constitutional jury. In 1915 the legislature denied the right to such appeal in case of misdemeanors tried in the municipal courts, meeting the requirements of the constitution by providing for. a common law jury therein. Thus, as to such offences the municipal court is given concurrent jurisdiction with the county court and to that extent is brought within the provisions of section 31 of the Constitution. It is not questioned but that the offence charged was such as under the constitution the respondent had the right to trial by jury therein guaranteed. See *State* v. *Peterson,* 41 Vt. 504, 522. Nor can it be doubted that the Legislature has the power to extend the right beyond the limits guaranteed in the Constitution. *In re Welch's Will,* 69 Vt. 127, 134, 37 Atl. 250.

We come now to consider how the statute affects the authority of the court in criminal trials and whether in such a case the respondent can waive a trial by jury except by admission of guilt. We note, in passing, the state's contention that the statute was repealed by the Municipal Court Act (No. 91, Acts of 1915), rendering *Bugbee* v. *Boyce, supra,* obsolete. If repealed, it is because of inconsistency; but it is not inconsistent with anything contained in the later act. The only provisions in the Municipal Court Act affecting the mode of trial are those conferring jurisdiction upon a municipal court to try and finally determine prosecutions for certain offences, including the one here charged, and providing that in such prosecution the respondent shall be entitled to a jury of twelve. These provisions are entirely consistent with the requirements of P. S. 2216. Upon the court as constituted—that is, with a common law jury—and not the judge sitting alone, is conferred final jurisdiction to try and determine such offences.

In terms the statute is mandatory. "No person shall be convicted of an offence," except as therein provided. The term "convicted" refers to the ascertainment of guilt and not to the judgment of the court. *Bugbee* v. *Boyce,* 68 Vt. 311, 35 Atl. 330. The term "offence" plainly includes misdemeanors. *State* v. *Peterson,* 41 Vt. 504, 523. As we have seen, the right to a

trial by jury was amply secured by the Constitution. We have to look further to discover the purpose of the statute. The decisions of other States having no statute like ours shed little if any light upon the question; especially is this so where, as in case of some cited by the respondent, there is a statute expressly authorizing the waiver. It is enough to say in passing that where only the right to trial by jury is guaranteed the majority of courts hold that the legislature can by statute authorize a waiver of the right. There is another line of cases holding that, where only the right to a jury trial is guaranteed, one charged with a misdemeanor may waive such a trial without statutory authority therefor. See *Schick* v. *United States,* 195 U. S. 65, 49 L. ed. 99, 24 Sup. Ct. 826; 1 Ann. Cas. 585; Note 11 L. R. A. (N. S.) 1139; 1 Bish. Cr. Pro., §§ 890-894; Hughes, Cr. Law & Proc., § 2979; Rapalje's Cr. Proc., §§ 150-151; Clark's Cr. Proc. 434.

The following cases are instructive: The Constitution of Virginia secured the right of trial by jury. Under a statute providing for the waiver of a jury in any case except that of felony or misdemeanor it was held in *Mays* v. *Com.,* 82 Va. 550, that the accused could not waive a trial by jury in a case of misdemeanor. The Constitution of New York provides that "trial by jury in all cases in which it has been heretofore used shall remain inviolate forever"; and further that "a jury trial may be waived by the parties in all civil cases in the manner to be prescribed by law." It was held in *People* v. *Cosmo,* 205 N. Y. 91, 98 N. E. 408, 39 L. R. A. (N. S.) 967, that a citizen was not only entitled to a trial by jury in all cases in which it had been heretofore used but that in criminal cases of that kind it could not be waived.

In Oklahoma there is a statute similar to ours, but differing in this that it excepts from its provisions petty offences tried in police or justice's court. It was held in *Re McQuown,* 19 Okl. 347, 91 Pac. 689, 11 L. R. A. (N. S.) 1136, that, there being no statute authorizing a defendant in a criminal case to waive a jury trial, such a case cannot be tried upon a plea of not guilty without a jury, unless it comes within the class of cases in which no jury was required at common law. The relator had been convicted without a jury for a violation of the game laws. He was discharged from commitment and remitted to the lower court for a new trial.

The Constitution of Rhode Island declares that trial by

jury shall remain inviolate, but that it may be waived in civil cases. A statute provides that all criminal appeals shall be tried in the superior court with a jury. It was held in *State* v. *Battey,* 32 R. I. 475, 80 Atl. 10, that accused, on an appeal to the superior court, cannot waive a jury trial, the ground of the decision being that the court had no jurisdiction to try a criminal appeal without a jury. To the same effect is *State ex rel. Baum* v. *Warden of Baltimore City Jail* 110 Md. 579, 73 Atl. 294.

In Ohio a statute provides for drawing a common law jury in certain prosecutions before justices of the peace in case a trial by jury is not waived. It was held in *Simmons* v. *State,* 75 Ohio St. 346, 79 N. E. 555, 9 Ann. Cas. 260, that such waiver must clearly and affirmatively appear upon the record, and cannot be assumed or implied by the reviewing court from the silence of the accused or his mere failure to demand a jury; and that the court's jurisdiction depended upon the waiver and could not be acquired by merely asserting it.

It was said in *Brewster* v. *People,* 183 Ill. 143, 55 N. E. 640, that where a tribunal for the trial of criminal prosecutions is provided for and a jury is made an essential part of it, such tribunal cannot be changed by permitting the accused to consent to the elimination of the jury therefrom; that such course would confer jurisdiction upon a tribunal which had no such jurisdiction under the law. See, also, *Paulsen* v. *People,* 195 Ill. 507, 63 N. E. 144. It is a rule too well recognized to require citation of authorities that jurisdiction cannot be conferred by waiver or by agreement of the parties.

There can be no doubt that when the legislature declared that no person should thereafter be convicted of an offence unless on admission of guilt or the verdict of a jury it was not going through the empty form of conferring a right which had existed from the time of Magna Charter, but was seeking to safeguard that right by denying to courts of final jurisdiction the power to try a criminal charge without a jury. Such is the plain import of the language used and the settled practice in the county courts since the adoption of the statute is consistent with that construction. Now that municipal courts have final jurisdiction, there is every reason why they should be governed by the same rule. It follows that the court had no authority to try the respondent without a jury and therefore that his conviction was void.

As this result requires a reversal, we do not think it advisable to discuss in detail the respondent's exceptions to the admission of evidence, of which there are more than forty. A brief general statement will sufficiently satisfy the purposes of a new trial.

Several of the exceptions relate to evidence properly received as tending to show a conspiracy involving the Furniture Company and its officers and agents, including the respondent, to conduct a lottery; this, for the purpose of laying a foundation for the admission of other evidence, particularly the declarations of others implicated in the common enterprise. See 5 R. C. L. 1087. Such a combination may be—indeed, generally must be—proved by circumstantial evidence. Of necessity, where the undertaking is of the character involved in this case the investigation cannot be confined to the particular transactions which form the basis of the charge. Referring more particularly to the claim of error in receiving evidence of other offences, an additional reason for sustaining the court's ruling is that the transactions were similar and a part of a series of acts showing how the business was conducted and the respondent's knowledge and connection therewith. See *State* v. *Marshall,* 77 Vt. 262, 59 Atl. 916; *State* v. *Smalley,* 50 Vt. 736.

As there was evidence from which a common purpose could fairly be inferred and evidence tending to connect the respondent therewith, the representations of the various canvassers to the persons from whom the respondent later made collections were admissible. After the State had adduced evidence tending to show the combination, then any declaration made by one of the conspirators pursuant to the common object and in furtherance of it would be admissible against all of them. *Patch Mfg. Co.* v. *Protection Lodge,* 77 Vt. 294, 319, 60 Atl. 74, 107 Am. St. Rep. 765; *State* v. *Thibeau,* 30 Vt. 100; note 30, Vt. 37, annotated edition.

The respondent offered one sheet of a letter which his evidence tended to show was written by him to the general manager of the Furniture Company. The offer was excluded and the respondent had an exception. The exhibit is not produced, so the materiality of its contents cannot be passed upon. Besides the court may have excluded it because a part only of the document was produced and the absence of the remainder not satisfactorily accounted for.

As the evidence tended to show that the statements of the Furniture Company's employees who preceded the respondent were made in furtherance of a conspiracy, it was immaterial whether their statements were specially authorized by the company; and the respondent's offer to show they were not was properly excluded. The declarations of the agents or employees of one of the conspirators so made are admissible against all. *State* v. *Grant*, 86 Iowa 216, 53 N. W. 120. See 12 Cyc. 437.

*Judgment reversed, and cause remanded.*