**STATE of Iowa, Appellee,**

v.

**Frederick Winslow FAGAN, Appellant.**

No. 54747.

Supreme Court of Iowa.

Oct. 13, 1971.

Russell Henry, Jewell, for appellant.

Richard C. Turner, Atty. Gen., James W. Hughes, Asst. Atty. Gen., and Carrol Wood, County Atty., Webster City, for appellee.

UHLENHOPP, Justice.

This appeal mainly relates to waiver of a jury in a criminal trial for a felony. The matter of entrapment is also involved.

One Vicki Rudolph was employed by agents of the Iowa Bureau of Criminal Investigation. The State claims that while Miss Rudolph was so employed, she bought eight LSD capsules from defendant for $23.

Defendant was charged with the felony of selling hallucinogenic drugs in violation of § 204A.3, Code, 1971. He pleaded not guilty. At the opening of the trial he moved the trial court to try the case without a jury. The State consented. The trial court denied the motion on the ground that indictable offenses cannot be tried to the court. The case was tried to a jury, which convicted defendant. He was sentenced and appealed the case to us.

Three legal questions must be determined: (1) Whether the case could be tried to the court without a jury, (2) Whether the trial court correctly instructed the jury on entrapment, and (3) Whether proper forms of verdict were submitted to the jury.

I. *Waiver of Jury.* Article I of the Iowa Constitution contains these clauses:

§ 9. The right of trial by jury shall remain inviolate; but the General Assembly may authorize trial by a jury of a less number than twelve men in inferior courts; but no person shall be deprived of life, liberty, or property, without due process of law.

§ 10. In all criminal prosecutions, and in cases involving the life, or liberty of an individual the accused shall have a

right to a speedy and public trial by an impartial jury; to be informed of the accusation against him, to have a copy of the same when demanded; to be confronted with the witnesses against him; to have compulsory process for his witnesses; and, to have the assistance of counsel.

Our constitution also contains this clause in Article V, which establishes the judicial system:

> § 14. It shall be the duty of the General Assembly to provide for the carrying into effect of this article, *and to provide for a general system of practice in all the Courts of this State.* (Italics added.)

Pursuant to the latter clause, the legislature provided a general system of criminal practice which comprises Title XXXVI of the Code, 1971. Sections 777.16 and 780.23 of that title relate to the manner in which prosecutions on indictment are to be tried. Section 777.16 of the 1971 Code provides:

> An issue of fact arises on a plea of not guilty or of former conviction or acquittal, and no further pleading is necessary. *Issues of fact must be tried by a jury.* (Italics added.)

Section 780.23 provides:

> On the trial of an indictment for any other offense than libel, questions of law are to be decided by the court, saving the right of the defendant and the state to except; *questions of facts are to be tried by jury.* (Italics added.)

■ Under these constitutional and statutory clauses, this court has held since 1884 just as the trial court ruled here—that prosecutions for indictable crimes cannot be tried without a jury. State v. Carman, 63 Iowa 130, 131, 18 N.W. 691 ("The question presented is not as to the waiver of a mere statutory privilege, but an imperative provision, based, as we view it, upon the soundest conception of public pol-

icy."); State v. Larrigan, 66 Iowa 426, 23 N.W. 907; State v. Tucker, 96 Iowa 276, 65 N.W. 152; State v. Douglass, 96 Iowa 308, 65 N.W. 151; State v. Lightfoot, 107 Iowa 344, 78 N.W. 41 (dictum); State v. Rea, 126 Iowa 65, 101 N.W. 507; State v. Williams, 195 Iowa 374, 191 N.W. 790; State v. Stricker, 196 Iowa 290, 194 N.W. 60; State v. Sereg, 229 Iowa 1105, 296 N.W. 231 (full consideration of question by Judge Bliss); State v. Pilcher, 171 N.W.2d 251 (Iowa).

■ The rule prohibiting nonjury trial applies even though the prosecutor and the defendant agree upon such a trial. State v. Rea, supra; State v. Tucker, supra. The rule is not founded upon the inability of the defendant to waive a right in his favor, but upon the authority of the legislature, under the constitution, to mandate the manner in which prosecutions shall be tried. As this court said in State v. Douglass, 96 Iowa 308, 309–310, 65 N.W. 151–152:

> The question is not whether rights which are guarantied [*sic*] by the constitution may be waived, but whether an absolute provision of the law may be set aside, and a power which the statute has withheld be conferred, by agreement. Our conclusion [is] that it cannot be done * * *. The rule was established by the general assembly, and its application must be determined by the legislative enactments.

■ In 1971, after the present case was tried, the general assembly amended §§ 777.16 and 780.23 to permit an accused to waive a jury when the punishment does not exceed a year in jail and a fine of $500. 64 G.A., H.F. 393. That amendment does not reach cases like the present one which involve penitentiary offenses. The amendment does, however, confirm the standing interpretation of this court as to the intention of the legislature—that prosecutions such as this one "must be tried by a jury." § 777.16.

The amendment by the legislature is in line with the modern trend permitting jury waivers in criminal cases. Project on Minimum Standards for Criminal Justice, A.B.A., Trial by Jury, 28–40; Ibid, Fair Trial and Free Press, § 3.3; 47 Am.Jur.2d Jury § 72 at 689. The Iowa rule under Carman is, however, in accord with the weight of authority denying nonjury trial in criminal prosecutions when a constitutional or statutory clause mandates jury trial by language to the effect that such cases "must" or "shall" be tried by jury. Wilson v. State, 16 Ark. 601; In re Dawson, 20 Idaho 178, 117 P. 696; State v. Porter, 176 La. 673, 678, 146 So. 465, 467 ("Parties cannot by their conventions change the forum for the trial of their cases and thereby make valid that which is prohibited by express law."); Commonwealth v. Rowe, 257 Mass. 172, 153 N.E. 537; People v. Smith, 9 Mich. 193; State v. Camby, 209 N.C. 50, 182 S.E. 715; In re McQuown, 19 Okl. 347, 91 P. 689; Commonwealth v. Hall, 291 Pa. 341, 140 A. 626; State v. Battey, 32 R.I. 475, 80 A. 10; Huey v. State, 88 Tex.Cr.R. 377, 227 S.W. 186; State v. Hirsch, 91 Vt. 330, 100 A. 877; State v. McCaw, 198 Wash. 345, 88 P.2d 444; Perkins, Proposed Jury Changes in Criminal Cases, 16 Iowa L.Rev. 20, 32. The subject is fully discussed in State ex rel. Warner v. Baer, 103 Ohio St. 585, 134 N.E. 786. See also Annos., 48 A.L.R. 767, 58 A.L.R. 1031. The rationale of the decisions appears to be that while civil cases involve only the interests of the parties, who may therefore waive a jury, criminal prosecutions involve larger concerns so that statutory imperatives relating to the conduct of the trial must be observed.

We adhere to our previous decisions as they relate to indictable prosecutions not within the 1971 amendment to the statute. We hold that the trial court rightly denied a nonjury trial.

II. *Entrapment Instruction.* This court recently stated the essence of entrapment thus, in State v. Davis, 175 N.W.2d 407, 410 (Iowa):

Basically entrapment is the inducement of an innocent person into the commission of a crime by trickery, persuasion or fraud of a government agent. Government action in merely providing the opportunity or facilities for the commission of crime does not constitute entrapment.

See also State v. Heeron, 208 Iowa 1151, 226 N.W. 30.

The Iowa State Bar Association prepared a uniform instruction based on the Heeron opinion. II Uniform Jury Instructions, Iowa State Bar Ass'n, No. 501.21. The uniform instruction accurately states the law.

In the instant case the trial court in its Instruction 9 followed the uniform instruction, adapting the language to the evidence here. Defendant requested an instruction, however, which contained the same thought but used somewhat stronger language, that entrapment is "a complete, legal and proper defense" and that the State has the burden of proof.

In addition to its Instruction 9, the trial court clearly stated in Instruction 7 that the State had the burden of disproving entrapment and that if it failed to sustain its burden, defendant must be acquitted. The instructions must, of course, be read together. State v. Upton, 167 N.W.2d 625 (Iowa). A trial court must walk a middle course and avoid arguing the case for either side in the instructions. State v. Gillespie, 163 N.W.2d 922 (Iowa). Trial courts are not required to instruct in the parties' own words. Malcor v. Johnson, 223 Iowa 644, 273 N.W. 145. Taking the trial court's instructions altogether, we are satisfied that the matter of entrapment was properly laid before the jury.

III. *Verdicts.* The trial court submitted the usual two forms of verdict—guilty or not guilty. Defendant objected that a third form of verdict should be submitted—not guilty by reason of entrapment

—but he has been unable to find any authority to support his contention.

The verdicts submitted by the trial court were in accord with the forms prescribed by § 785.1, Code, 1971. They were proper.

Affirmed.

All Justices concur.