STATE of Iowa, Plaintiff/Appellee,

v.

**Mark L. MANN, Defendant/Appellant.**

**No. 92–1726.**

Court of Appeals of Iowa.

Dec. 29, 1993.

Linda Del Gallo, State Appellate Defender, and B. John Burns, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Thomas G. Fisher, Jr., Asst. Atty. Gen., Thomas S. Mullin, County Atty., and James J. Katcher, Asst. County Atty., for appellee.

Heard by SCHLEGEL, P.J., HAYDEN, J., and KEEFE, Senior Judge.*

HAYDEN, Judge.

On March 4, 1992, the State charged Mark Mann with one count of robbery in the first degree, one count of attempted burglary, one count of serious assault, and one count of being a felon in possession of a firearm. Scott Mann, defendant's brother, was charged with the same offenses. On July 15, 1992, Mann filed a motion for waiver of jury trial. The State filed a resistance. The State contended, inter alia, the motion was untimely pursuant to Iowa Rule of Criminal Procedure 16(1) and defendant had failed to show good cause of extending the time for the waiver beyond the time limitations set forth in rule 16(1).

At the waiver hearing, Mann indicated the delay in filing the waiver was due to ongoing plea negotiations and the need to complete discovery prior to making the waiver decision. The background of this case is crucial to Mann's claim. On March 3, 1992, Mann was arraigned. The State and defendant then entered into plea negotiations. On May 13, 1992, Mann accepted the State's plea offer. A plea taking and sentencing were set for June 29. On June 9, however, Mann rejected the plea offer. On June 18 defendant indicated to his counsel he wanted to waive jury trial. The record indicates a written waiver form was sent to defendant on June 9, 1992; however, he had to be sent another on July 15.  Mann filed the written motion to waive jury trial on July 15, 1992.

At the waiver hearing the State argued the waiver should not be allowed because the waiver might result in a de facto severance of the joint trial of Mann and his codefendant, Scott Mann. The district court denied Mann's motion to waive jury trial, stating it did not find good cause for extending the time for waiver.

On September 11, 1992, the district court granted Scott Mann's motion to sever his case from Mark's case. On that same day a pretrial hearing was held regarding Mark Mann's case. At the hearing Mann renewed his motion to waive jury trial. The State again resisted. Although the State agreed the ground for its earlier resistance to Mann's waiver regarding severance was no longer valid, it asserted the waiver could not be permitted because defendant had failed to show good cause to excuse the waiver. The district court denied the motion. Trial proceedings began, as scheduled, on September 15, 1992.

At Mann's jury trial the district court granted Mann's motion for directed verdict as to the first-degree robbery and attempted

* Senior judge from the 1st judicial district serving on this court by order of the Iowa Supreme Court.

burglary charges. The lesser-included offense of aggravated assault was left intact on the robbery charge. The jury convicted Mann on all remaining counts and answered interrogatories establishing Mann as an habitual offender. The district court entered judgment and imposed sentence. Mann appeals.

The issue on appeal is whether the district court erred in denying Mann's motion to waive jury trial. We affirm the decision of the district court.

■ Our review is for an abuse of discretion. *See State v. Lewis,* 391 N.W.2d 726, 728 (Iowa App.1986) ("good cause" determination under Iowa Rule of Criminal Procedure 10(11)(d) is discretionary decision of trial court); *see also Hantsbarger v. Coffin,* 501 N.W.2d 501, 505 (Iowa 1993) (abuse of discretion standard in determining if good cause justified failure to disclose expert) (citing *Donovan v. State,* 445 N.W.2d 763, 766 (Iowa 1989); *State v. Todd,* 468 N.W.2d 462, 470 (Iowa 1991) (abuse of discretion standard in determining if good cause justified· violation of right to speedy trial under Iowa Rule of Criminal Procedure 27(2)(b)).

■ Iowa Rule of Criminal Procedure 16(1) provides:

Cases required to be tried by jury shall be so tried unless the defendant voluntarily and intelligently waives a jury trial in writing and on the record *within thirty days after arraignment, or* if no waiver is made within thirty days after arraignment the defendant may waive *within ten days after the completion of discovery, but not later than ten days prior to the date set for trial, as provided in these rules for good cause shown,* and after such times only with the consent of the prosecuting attorney....

Iowa R.Crim.P. 16(1) (emphasis added). Defendant was arraigned on March 5, 1992. Pursuant to Iowa Rule of Criminal Procedure 16(1), defendant had thirty days after his arraignment to waive jury trial. Mann filed a motion to waive jury trial on July 15, 1992, which was one hundred and thirty-two days after he was arraigned and thirty-six days after he rejected the plea offer. Mann failed to meet this time limitation.

A defendant also may waive jury trial by filing a motion within ten days after the completion of discovery but not later than ten days prior to trial. Discovery was completed on April 22, 1992. Mann did not file his motion to waive jury trial until July 15, 1992, which was eighty-four days after the completion of discovery. Trial was set for September 15, 1992. Mann renewed his motion to waive jury trial on September 11, 1992, which was four days prior to trial. Mann failed to meet this deadline set forth in rule 16(1).

Defendant, however, claims there was good cause to explain why he failed to file the motion within the time limitations of rule 16(1). Mann contends his involvement in plea negotiations following his arraignment and need to complete discovery constituted good cause for the delay in filing his waiver of jury trial.

■ In 1981 the legislature added to rule 16(1) the first time limitation. The amendment provided a defendant had thirty days from arraignment to file a motion to waive jury trial. The Iowa Supreme Court has stated this change was important for judicial economy in trial courts. *State v. Lawrence,* 344 N.W.2d 227, 230 (Iowa 1984). In 1986 the legislature added another time limitation. The amendment provided defendant with another chance to file a waiver motion ten days after the completion of discovery as long as it was filed ten days prior to trial. Mann has failed to meet either time limitation or show good cause. "It is the legislature's prerogative to decide whether, and under what circumstances, the right to jury trial may be waived." *State v. Siemer,* 454 N.W.2d 857, 865 (Iowa 1990) (citing *State v. Fagan,* 190 N.W.2d 800, 801 (Iowa 1971)). To deny defendant a bench trial by refusing to grant his motion to waive jury trial only subjects him to a trial by an impartial jury. *Id.* (citing *Singer v. United States,* 380 U.S. 24, 36, 85 S.Ct. 783, 790, 13 L.Ed.2d 630, 638 (1965)). We find no basis for reversal. We affirm.

■ II. *Ineffective Assistance.* Mann claims he told counsel on June 18, 1992, he

wanted to waive jury trial. Mann lost the initial waiver form which was given to him by his trial counsel. Mann was given another form on July 15, the day on which he executed the waiver. Mann asserts this delay from June 18 to July 15 can be attributed to ineffective assistance of counsel.

Generally, ineffective assistance of counsel claims are preserved for postconviction relief proceedings to allow trial counsel an opportunity to defend the charge. *State v. Mulder,* 313 N.W.2d 885, 890 (Iowa 1981), *cert. denied,* 459 U.S. 841, 103 S.Ct. 90, 74 L.Ed.2d 83 (1982); *State v. Nebinger,* 412 N.W.2d 180, 191–92 (Iowa App.1987). Where the record is inadequate to permit us to resolve the claim, we preserve the claim in order to provide the allegedly ineffective attorney the opportunity to explain his or her conduct. *State v. Fox,* 491 N.W.2d 527, 535 (Iowa 1992) (citation omitted). The record is not sufficient for us to resolve this issue. Defendant's ineffective assistance claim is preserved for possible postconviction proceedings.

**AFFIRMED.**